THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C24-1613-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. On October 7, 2024, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff's complaint (Dkt. No. 5) was entered shortly thereafter. Upon reviewing the complaint under 28 U.S.C. § 1915(e)(2), the Court, amongst other things, ordered Plaintiff to file an amended complaint establishing her standing in this matter through facts supporting a cause of action pursuant to 42 U.S.C. § 1983. (*See generally* Dkt. No. 7.)

According to the Federal Rules of Civil Procedure, a complaint must include a short plain statement of the grounds for the court's jurisdiction, along with a description of the claim establishing that the plaintiff is entitled to relief and a description of the relief sought. *See* Fed. R. Civ. P. 8. And because subject matter jurisdiction is a foundational issue, the Court must dismiss a complaint any time it determines that it has no jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (allegations must support the

court's subject matter jurisdiction).

In addition, as part of the case-or-controversy requirement, a plaintiff must establish that he or she has standing to bring suit in federal court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, a plaintiff must demonstrate that his or her injury is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted). An injury sufficient to convey standing must actually exist or be certainly impending. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016); *Clapper*, 568 U.S. at 409.

Moreover, once a complaint is filed *in forma pauperis*, the Court must dismiss it before service if it is frivolous or "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127. When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

On November 14, 2024, Plaintiff filed what she described as an amended complaint. (*See* Dkt. No. 8.) It contains additional argument, allegations, and accusations (some of which take

issue with the Court), (*id.* at 1, 9), and a copy of the original complaint, (*id.* at 10–15). None are responsive to the Court's prior order. The amended complaint fails to establish Plaintiff's standing to assert claims relating to her adult son's death. And even if it had, the amended complaint fails to state a claim brought pursuant to 42 U.S.C. § 1983.[1] Therefore, it does not establish this Court's subject matter jurisdiction. Not does it state a claim for relief which this Court could provide.

Based on the forgoing, the Court DISMISSES Plaintiff's complaint without prejudice and DENIES leave to further amend the complaint.[2]

DATED this 19th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] As before, it fails to provide facts supporting an Equal Protection violation; identify the person allegedly acting under the color of state law violating such right; or state the specific policy, practice, or custom implicating municipal liability for such a failure. *See generally* Dkt. No. 8.

[2] Leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). Plaintiff's unresponsiveness to the Court's detailed order to show cause demonstrates her inability to effectively plead a colorable claim.